UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELVIN DANIELS,** *et al*. : |  |
| Plaintiffs, : |  |
| : |  |
| v. : | No. 23-cv-3867 |
| : |  |
| **MARLEIHIA HARPER,** *et al.*, : |  |
| Defendants. : |  |

**O R D E R**

**AND NOW**, this 13th day of February, 2024, upon consideration of Plaintiffs Kelvin Daniels and Danee Slaton's Motions to Proceed *In Forma Pauperis* (ECF Nos. 1, 8), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Kelvin Daniels, #QP-6416, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Huntingdon or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Daniels' inmate account; or (b) the average monthly balance in Daniels' inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Daniels' inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Daniels' inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. Danee Slaton, #PE-6752, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Cambridge Springs or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Slaton's inmate account; or (b) the average monthly balance in Slaton's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Slaton's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Slaton's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

4. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Huntingdon and the Superintendent of SCI Cambridge Springs.

5. The Complaint is **DEEMED** filed.

6. The Clerk of Court is **DIRECTED** to place the Complaint (ECF No. 1) **UNDER SEAL** because it contains the names of minor children and records from domestic relations proceedings pertaining to those children.

7. The Clerk of the Court is **DIRECTED** to **ADD** the following Defendants to the docket in this case: Amy Flite, DHS Supervisor.

8. For the reasons stated in the Court's Memorandum, the Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

9. The claims asserted by Plaintiffs Abdullah Daniels, Abdurrazaay Daniels, Abdurrahman Daniels, Aaishah Daniels, Muhammad Daniels, Summayyah Daniels, and Shakyra Strong are **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court is **DIRECTED** to **TERMINATE** Abdullah Daniels, Abdurrazaay Daniels, Abdurrahman Daniels, Aaishah Daniels, Muhammad Daniels, Summayyah Daniels, and Shakyra Strong from the docket.

10. The Clerk of Court is **DIRECTED** to send Daniels and Slaton a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

11. Daniels and Slaton are given thirty (30) days to file an amended complaint in the event they can assert claims that are not barred by the statute of limitations. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Daniels and Slaton's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 23-3867. If Daniels and Slaton file an amended complaint, their amended complaint must be a complete document that includes all of the bases for their claims and does not rely upon the original Complaint or any other document filed in this case. When drafting their amended complaint, Daniels and Slaton should be mindful of the Court's reasons for dismissing their claims as explained in the Court's Memorandum. Daniels and Slaton are instructed that if they file an amended complaint, they should only identify minor children by their initials consistent with Federal Rule of Civil Procedure 5.2, which pertains to privacy

---

[1] Plaintiffs are reminded that if they choose to file an amended complaint, each must separately sign the amended complaint. *See* Fed. R. Civ. P. 11(a); *see also See Syville v. New York City of New York*, No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)).

protection in court filings.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

      12.     If Daniels and Slaton do not wish to amend their Complaint and instead intend to stand on their Complaint as originally pled, they may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

      13.     If Daniels and Slaton fail to file any response to this Order, the Court will conclude that they intend to stand on their Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*)

complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                       **BY THE COURT:**

                       */s/ Joseph F. Leeson, Jr.*
                       **JOSEPH F. LEESON, JR.**
                       **United States District Judge**

---

("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

5