UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELVIN DANIELS**, *et al*. : | |
|     **Plaintiffs,** : | |
| : | |
| v. : | No. 23-cv-3867 |
| : | |
| **MARLEIHIA HARPER**, *et al.*, : | |
|     **Defendants.** : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                              **August 7, 2024**
**United States District Judge**

      *Pro se* Plaintiffs Kelvin Daniels and Danee Slaton, husband and wife, filed this civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*. Plaintiffs allege that various defendants involved in dependency proceedings to remove their eight children from their care and involved in their criminal proceedings, violated their constitutional rights.[1] Plaintiffs' initial Complaint was dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Daniels v. Harper*, No. 23-3867, 2024 WL 580874, at *1 (E.D. Pa. Feb. 13, 2024). Plaintiffs returned with an Amended Complaint. For the following reasons, the Court will permit Slaton's First Amendment claim to proceed to service and dismiss the remainder of the Amended Complaint.

---

[1] Although Plaintiffs again named their eight minor children as co-plaintiffs, the Court already dismissed all claims of the minor children without prejudice because no legal counsel entered an appearance on their behalf. (*See* ECF No. 14); *see also Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 882 (3d Cir. 1991) ("[A] non-lawyer appearing *pro se*, . . . [is] not entitled to play the role of attorney for his children in federal court.").

I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

In their initial Complaint, Plaintiffs named fifty-six (56) Defendants. *Daniels*, 2024 WL 580874, at *1. Plaintiffs alleged that after an altercation between Plaintiff Slaton and their eldest daughter, Plaintiffs unsuccessfully attempted to seek a protection from abuse order ("PFA") against their daughter. *Id*. at *2. Plaintiffs were then investigated for sexual abuse against the eldest daughter and threatened to sue DHS for their involvement in the investigation. *Id*. Plaintiffs' children were removed from their home and placed in foster care. *Id*. Plaintiffs alleged that the removal was done in retaliation for filing the PFA against their daughter and for threatening a civil lawsuit. *Id*. Slaton also alleged that she was mistreated by federal officers at the time of her arrest. *Id*. at *3 n.4. Ultimately, Plaintiffs were arrested, *id*. at *3, and found guilty of aggravated assault of a victim less than 13, conspiracy, endangering the welfare of children, and possession of an instrument of a crime. *Commonwealth v. Slaton*, CP-51-CR-0008423-2021, CP-51-CR-0008425-2021 (C.P. Phila.); *Commonwealth v. Daniels*, CP-51-CR-0008422-2021, CP-51-CR-0008424-2021 (C.P. Phila.). Daniels was also found guilty of corrupting minors. *Commonwealth v. Daniels*, CP-51-CR-0008424-2021 (C.P. Phila.). Based on these allegations, Plaintiffs asserted constitutional claims under § 1983 and *Bivens*, and state law defamation and slander claims.

In its February 13, 2024 Memorandum and Order, the Court dismissed all claims in the Complaint. *Id*. The § 1983 claims, which were based on the removal of their children, were dismissed as barred by the statute of limitations. *Id*. at *4. Plaintiffs' false arrest claims were also dismissed as time barred. *Id*. at 5. The Court also dismissed claims asserted against DHS investigators based on witness immunity and Slaton's *Bivens* claims because she did not tie her allegations of mistreatment to any named Defendant and because the claims, as alleged, were

2

time barred. *Id*. at *3 n.4.  Finally, the Court dismissed Plaintiffs' state law claims for lack of subject matter jurisdiction. *Id*. at *5.  The Court permitted Plaintiffs to amend their claims. *Id*. at *6.

Plaintiffs returned with an Amended Complaint.[2]  (Am. Compl., ECF No. 21.)  The Amended Complaint names sixty-nine (69) Defendants.[3]  (*Id*. at 2-11.)  As was the case in the initial Complaint, many of the Defendants named in the Amended Complaint are associated with the Philadelphia Department of Human Services ("DHS") and the Philadelphia Police Department.  Other Defendants include family members, judges, attorneys, United States Marshals, or individuals whose identity or role in the events giving rise to Plaintiffs' claims is not known.  The Amended Complaint contains no factual allegations about the majority of the

---

[2] The Amended Complaint consists of the Court's standard form complaint, an additional nineteen (19) handwritten pages, and two exhibits.  Although the Amended Complaint was signed by Daniels only, Slaton submitted a signed declaration attesting to the Amended Complaint.  (*See* ECF No. 32.)
    The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] The Defendants named in the Amended Complaint include*: Sergeant Woltemate Joseph*; Detective Jane Costello; Detective Patricia Eberhart; Detective Ray Smith; Detective Linda Pace; Detective Vondell Cook; Detective Thomas Price; Detective Mark Webb; Detective Bill Brophy; Police Officer Tyrone Green; *Officer Robert Clark*;  Officer Steve Bezich; Department of Human Services; Deonna Briggs; Marlehia Harper; Zoharmella Savoy; Coleen Getz; Kirby Gerlus; Dr. Michelle Dominguez; *Dr. Norrell Atkins*; Jason Parris, Esq; Roberto Valdes, Esq; Latoya Bullock; Chris Johnson Esq; Ann Starr Esq; James Martin Esq; Debora Fegan Esq; Clymer D. Bardsley Esq; Michael Angelotti Esq; Denine Jones; Latasha Cutus; Erica Cook; Maureen Pie Esq; *Laurie Jubilier Esq*; April Summer; Abdul y Qani Abdul Ronhnan; Hasan Somali; Lisa Renee Bryant Slaton; Dontay Slaton; Richard Coble Esq; Katherine Holland Esq; Victoria Bibbs; Gail Quarterbaum; Claire Leotta; Stacy Tepe; Margaret Farmer; Susan Rubinowitz; Jasmine Weiss; Katrina Collins; T.R.; *Donald Chisholm, III*; *Asheeki Desai*; Amy Flite; Nicole Mack; Tylishia Williams; Daniel Metz; *Dr. Worrell K. Atkinson*; Jelia McNeil; Jeremy Kuhut; Hason Somali; *Dr. Tangerine*; *Bridget Warner*; Mario D'Adamo; *Vanderveen Harthorn & Levin*; Judge Joseph Fernandes; *Shawn Jackson*; *Judge Zachary Shaffer*; *Judge Giovanni O. Campbell*; Judge Deborah Canty.  Defendants newly named in the Amended Complaint are italicized.

Defendants named other than the conclusory statement that each Defendant "acted under color of state law." (*See generally* Am. Compl.)

Similar to the Complaint, the factual allegations in the Amended Complaint are at times rambling, disjointed, and difficult to understand. Affording Plaintiffs the most liberal construction of the Amended Complaint, the Court understands Plaintiffs to allege certain defects with respect to their criminal and dependency proceedings. Specifically, Plaintiffs allege that DHS and the Philadelphia Court of Common Pleas failed to provide notice to Plaintiffs in accordance with 55 Pa. Code. 3130.62, and that this failure divested the Court of Common Pleas of jurisdiction over the termination of their parental rights. (Am. Compl. at 12.)

With respect to their criminal proceedings, Plaintiffs allege that they learned on February 24, 2024 that Sergeant Woltemate was found guilty of "(1) making false statements in response to an official department investigation[,] (2) making false statements and entering them in department of police records and reports[, and] (3) tampering with evidence in [the] police department." (*Id*. at 13.) Plaintiffs further allege that Woltemate "was involved in the investigation and/or prosecution against" them. (*Id*.) Plaintiffs state that Judge O'Campbell and DA Desai failed to protect their constitutional rights by not disclosing the "exculpatory and impeaching evidence" about Woltemate. (*Id*.) In addition, Daniels alleges that Judge O'Campbell violated his Sixth Amendment right "to represent himself at trial." (*Id*.) He states that after a hearing, his motion to represent himself was granted, and that his attorney was removed. (*Id*.)[4] Daniels further alleges that "had [he] been afforded his . . . fundamental Sixth

---

[4] Daniels' criminal docket reflects that although he first made the request to proceed *pro se* just prior to his trial, in February of 2023, he was not permitted to proceed *pro se* until after the trial concluded and he was involved in appellate proceedings. *See Commonwealth v. Daniels*, CP-51-CR-0008422-2021, CP-51-CR-0008424-2021 (C.P. Phila.); (*see also* Am. Compl. at 32).

4

Amendment right to representation at trial, the entire objective of his defense in maintaining his innocence and acquittal" would have focused on the "veracity and integrity" of his "accusers." (*Id*. at 15-16.)

Plaintiffs further allege that on February 23, 2024, United States Marshals Steve Bezich and Robert Clark entered their New Jersey apartment with an "invalid" search warrant and "destroyed more than $75,000 of their property." (*Id*. at 21.) Plaintiffs also allege that during the search, Slaton initially "only had underclothes on." (*Id*. at 20.) After Slaton allegedly dressed in her "Islamic overgarment," the two Marshals "began to rub [their] hands up and down [her] body," without a "body warrant," which is "against [the] Islamic Religion." (*Id*. at 21-22.) Based on these allegations, Plaintiffs assert constitutional claims and seek money damages and unspecified injunctive relief. (*Id*. at 23.)

## II.     STANDARD OF REVIEW

As Plaintiffs are proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Daniels and Slaton are proceeding *pro se*, the Court construes their allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

#### A. Section 1983 Claims

Plaintiffs allege violations of their constitutional rights against Defendants in connection with their criminal and dependency proceedings.  The Court understands Plaintiffs to assert these constitutional claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

##### 1. *Heck*-Barred Claims

Plaintiffs assert claims related to their criminal prosecutions and convictions.  Specifically, Daniels alleges a Sixth Amendment claim based on the denial of his request to represent himself during his criminal trial.  In addition, Plaintiffs allege a due process claim against Judge O'Campbell and DA Desai based on allegations that they failed to inform them that Sergeant Woltemate was found guilty of making false statements and tampering with evidence in criminal investigations.  The Court understands Plaintiffs to assert a due process

6

claim under *Brady v. Maryland*, 373 U.S. 83 (1963), as it is based on allegations that the prosecutor failed to disclose exculpatory evidence. Plaintiffs do not state how Sergeant Woltemate was allegedly involved in their criminal investigation or prosecution. In any event, neither the Sixth Amendment claim nor the due process claim are cognizable in a civil rights action.

When a plaintiff seeks damages in a civil rights lawsuit in connection with a prior criminal conviction or sentence, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Commonly referred to as the "*Heck* bar," *see Wallace v. Kato*, 549 U.S. 384, 385 (2007), this rule prevents plaintiffs from bringing claims, the success of which would render a sentence or conviction invalid, unless the plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

Daniels' Sixth Amendment claim, and Plaintiffs' due process claim based on the non-disclosure of alleged exculpatory evidence challenge the propriety of Plaintiffs' trials and convictions for endangering the welfare of children and related crimes. These are precisely the

types of claims that, if successful, would invalidate a conviction or sentence and necessarily imply their invalidity.  *See Dukes v. Pappas*, 405 F. App'x 666, 668-69 (3d Cir. 2010) (*per curiam*) (affirming district court's dismissal of *Brady* claim asserted under § 1983 because it "implies the invalidity of the attendant criminal conviction" and is therefore barred by *Heck*); *Smith v. Holtz*, 879 F. Supp. 435, 442 (M.D. Pa. 1995) (holding that *Heck* applied to Fourteenth Amendment due process claim for deprivation of a fair trial due to the withholding of exculpatory evidence); *Pressley v. Pacheco*, No. 17-1715, 2020 WL 107065, at *4 (S.D. Cal. Jan. 9, 2020) (dismissing as *Heck*-barred, the plaintiff's claim that his Sixth Amendment right to self-representation during his criminal trial was violated); *Lasker v. Smith*, No. 19-4631, 2020 WL 759424, at *4 (S.D. Tex. Feb. 14, 2020) (dismissing Sixth Amendment claim to self-representation as barred by *Heck*).  Plaintiffs' convictions and sentences have not been reversed on appeal, vacated, or otherwise invalidated.  *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983[.]").  Accordingly, Plaintiffs' due process claim based on the non-disclosure of alleged exculpatory evidence and Daniels' Sixth Amendment claim based on the denial of self-representation during trial are not cognizable at this time and must be dismissed.[5]

        **2.**     **Claims based on 55 Pa. Code § 3160.62**

Plaintiffs also appear to assert a claim based on alleged violations of a Pennsylvania regulation relating to dependency proceedings.  The regulation cited by Plaintiffs, 55 Pa. Code. § 3160.62, addresses the requirement that written notice be provided to parents of their right to

---

[5] To the extent the Amended Complaint could be liberally construed to raise any claims based on Plaintiffs' prosecutions that are not barred by *Heck*, the basis for any such claims is so unclear that any such claims fail as inadequately pled.

appeal certain determinations made with respect to family service plans.  Specifically, the regulation states:

> (a) The county agency shall provide to the parents, along with a copy of the family service plan and, if applicable, placement amendment, a written notice of their right to appeal the following to the Department's Office of Hearings and Appeals:
>
>> (1) A determination which results in a denial, reduction, discontinuance, suspension or termination of service.
>>
>> (2) The county agency's failure to act upon a request for service with reasonable promptness.

55 Pa. Code § 3130.62(a).

Plaintiffs vaguely allege that neither DHS nor the Court of Common Pleas gave proper notice under the regulation.  Plaintiffs' claim is based on a misunderstanding of the regulation.  Section 3130.62 requires that notice of appellate rights be provided to parents when certain determinations are made as to *services* provided to the child pursuant to a family service plan.  *See id.*; *see also Hudock v. Pennsylvania Dep't of Pub. Welfare*, 808 A.2d 310, 313 (Pa. Commw. Ct. 2002).  Plaintiffs make no mention of a family service plan and do not challenge any decision made with respect to services provided to their children pursuant to a family service plan.  Thus, § 3130.62 does not apply to Plaintiffs' claims.  Moreover, violations of state statutes and state regulations do not give rise to § 1983 claims, *Smith v. St. Luke's Hosp. Univ. Healthcare Network Anderson Campus*, No. 22-1478, 2023 WL 1767478, at *8 (E.D. Pa. Feb. 3, 2023) ("Whether Defendants, as government actors affecting child protective services under the authority of state law, failed to adhere to the Pennsylvania statutes and regulations intended to guide their conduct is irrelevant to our analysis of their liability under § 1983." (citing *Brown v. Grabowski*, 922 F.2d 1097, 1113 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991))), and Plaintiffs have not adequately alleged any independent basis for a plausible due process or other

constitutional violation. Plaintiffs' related allegation that failure to provide notice under § 3130.62 divested the Court of Common Pleas of jurisdiction finds no basis in the law. Accordingly, any § 1983 claim based on an alleged violation of 55 Pa. Code § 3130.62 will be dismissed.[6]

### B.  *Bivens* Claims against United States Marshals Bezich and Clark

Plaintiffs assert *Bivens* claims against two United States Marshals, Steve Bezich and Robert Clark, in connection with the search of Plaintiffs' New Jersey property and associated pat-down search of Slaton on February 23, 2024.[7] With respect to the property damage claim,

---

[6] There are other reasons why Plaintiff's § 1983 claims fail. For the vast majority of the Defendants named, the Amended Complaint is silent as to their involvement in the events giving rise to Plaintiffs' claims. As noted above, a defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable. *See Rode*, 845 F.2d at 1207. Moreover, many of the Defendants named, such as judges, attorneys, and DHS workers prosecuting dependency matters, are immune from liability under § 1983. *See Gallas v. Supreme Ct. of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *B.S. v. Somerset Cnty.*, 704 F.3d 250, 262-65 (3d Cir. 2013) (citing *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 488-89 (3d Cir. 1997)) (recognizing that "child welfare workers and attorneys who prosecute dependency proceedings on behalf of the state . . . are absolute[ly] immun[e] from suit for all of their actions in preparing for and prosecuting such dependency proceedings." (alterations in original)).

Many other named Defendants are private individuals and thus not state actors subject to liability under § 1983. *See Leshko v. Servis*, 423 F.3d 337, 344 (3d Cir. 2005) (concluding that foster parents were not state actors subject to liability under § 1983); *see also Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 31 (1st Cir. 2014) ("Significantly, [Section] 1983 does not apply to merely private conduct, no matter how discriminatory or wrongful.") (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (internal quotations omitted). Plaintiffs may not establish state action simply by stating in conclusory terms that each Defendant "acted under color of state law." *See Williams v. City of Scranton*, No. 10-388, 2011 WL 1257942, at *2 (M.D. Pa. Mar. 30, 2011) (dismissing § 1983 claims where the plaintiffs failed to allege how the defendants "took action under color of state law" and instead simply stated the "legal conclusion" that "they 'acted under color of state law'").

[7] *Bivens* recognized a cause of action for damages for certain constitutional violations caused by federal actors. Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly

Plaintiffs allege that Bezich and Clark "destroyed more than $75,000 of their property." (Am. Compl. at 21.)  The Court understands Plaintiffs to assert a Fifth Amendment Due Process claim against Bezich and Clark.  *See Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*) (noting that the Due Process clause under the Fifth Amendment protects against federal governmental action).  However, a plaintiff's due process rights are not violated by an intentional deprivation or destruction of property where there is an adequate post-deprivation remedy available.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that due process was not violated by government official's intentional deprivation of property, provided that a meaningful post-deprivation remedy was available); *Tsosie v. Dunbar*, 504 F. App'x 75, 78 (3d Cir. 2012) (*per curiam*).

  Plaintiffs had an adequate post-deprivation remedy for the destruction of their property.  Specifically, 31 U.S.C. § 3724(a) permits the Attorney General to settle claims up to $50,000 for losses caused by an investigative or law enforcement officer.  Numerous courts have concluded

---

refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017); *see Egbert v. Boule*, 596 U.S. 482, 491 (2022).  The Court has recognized an implied private action against federal officials in only three cases:  (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment.  *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017) ("These three cases - *Bivens*, *Davis*, and *Carlson* - represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself.").  "To preserve the separation of powers, the Court has 'consistently rebuffed' efforts to extend *Bivens* further . . . [because] [t]he Constitution entrusts Congress, not the courts, with the power to create new federal causes of action and remedies." *Dongarra*, 27 F.4th at 180 (citing *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020)); *see also Xi v. Haugen*, 68 F.4th 824, 832 (3d Cir. 2023) ("In the fifty-two years since *Bivens* was decided, . . . the Supreme Court has pulled back the reins to what appears to be a full stop and no farther.").

that § 3724 precludes a *Bivens* remedy for claims based on the destruction of property by federal officers. *See, e.g.*, *D'Amario v. United States*, 56 F. Supp. 3d 249, 255 (W.D.N.Y. 2014) (dismissing Fifth Amendment due process claim for destruction of property because "an adequate post-deprivation was available to plaintiff under 31 U.S.C. § 3724"); *Marulanda v. U.S. Marshals Serv.*, 467 F. App'x 590, 590-91 (9th Cir. 2012) (affirming summary judgment on claim against United States Marshal Service for destruction of property during a search because § 3724 "provided an adequate post-deprivation remedy for the unauthorized acts of a federal employee"); *Logsdon v. United States Marshal Serv.*, No. 21-253, 2023 WL 205052, at *4 (E.D. Okla. Jan. 13, 2023) (noting that § 3724, together with other post deprivation remedies, "is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action"), *aff'd*, 91 F.4th 1352 (10th Cir. 2024). Moreover, the fact that Plaintiffs' alleged property damage ($75,000) is greater than the settlement authority granted by the statute ($50,000) does not alter the conclusion that a post-deprivation remedy exists and precludes a due process claim. *See Davis v. Dotson*, No. 20-13123, 2021 WL 5353099, at *2 (11th Cir. Nov. 17, 2021) ("The fact that a settlement under the statute may not fully compensate Davis for his lost data—which he says was worth around $100,000—does not justify the expansion of *Bivens* to a new context."). Accordingly, because § 3724 provides an alternative post-deprivation remedy for Plaintiffs, their *Bivens* claim based on the damage to their property by Bezich and Clark will be dismissed.

Slaton also asserts *Bivens* claims against Bezich and Clark in connection with their pat-down search of her during execution of the search warrant at the New Jersey property. Slaton alleges that the pat-down search violated her First Amendment rights because it is "against [the] Islamic religion for [a] man to touch [a] woman in [a] sexual way or [in] any way." (Am. Compl. at 22.) The Court understands Slaton to assert a First Amendment Free Exercise claim.

To state a First Amendment Free Exercise claim, a plaintiff must allege a "substantial burden" on the exercise of his or her religion. *Thomas v. Review Bd.*, 450 U.S. 707, 718 (1981); *Wisconsin v. Yoder*, 406 U.S. 205, 218 (1972). Although it is not clear that *Bivens* provides a remedy for Slaton's First Amendment claim, the allegations in the Amended Complaint state a plausible First Amendment claim, at least for purposes of screening under § 1915(e). Accordingly, the Court will serve the Amended Complaint on Steve Bezich and Robert Clark as to Slaton's First Amendment claim only so that they may respond to that claim.

**IV.   CONCLUSION**

For the foregoing reasons, the Court will dismiss in part Plaintiffs' Amended Complaint. Plaintiffs' *Heck*-barred claims will be dismissed without prejudice to Plaintiffs filing a new civil rights complaint only in the event their convictions or sentences are reversed, vacated, or otherwise invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). The Court will direct service of the Amended Complaint on United States Marshal Robert Clark and United States Marshal Steve Bezich only, so that they may file a response to Slaton's Free Exercise claim based on the pat-down search as described above. The remainder of the Amended Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court concludes that granting Plaintiffs leave to amend the dismissed claims would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding amendment by *pro se* litigant would be futile because litigant "already had two chances to tell his story").

An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.
United States District Judge**