UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELVIN DANIELS**, *et al*. : | |
|     **Plaintiffs,** : | |
| : | |
| v. : | No. 23-cv-3867 |
| : | |
| **MARLEIHIA HARPER**, *et al.*, : | |
|     **Defendants.** : | |

**O R D E R**

**AND NOW**, this 7th day of August, 2024, upon consideration of Plaintiffs Kelvin Daniels and Danee Slaton's Amended Complaint (ECF No. 21) it is **ORDERED** that:

1. The Clerk of the Court is **DIRECTED** to **ADD** the following Defendants to the docket to reflect the Amended Complaint: Sergeant Woltemate Joseph; Robert Clark; Dr. Norrell Atkins; Laurie Jubilier Esq; Donald Chisholm, III; Asheeki Desai; Dr. Worrell K. Atkinson; Dr. Tangerine; Bridget Warner; Vanderveen Harthorn & Levin; Shawn Jackson; Judge Zachary Shaffer; and Judge Giovanni O. Campbell.

2. The Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

   a. Daniels' Sixth Amendment claim, and Plaintiffs' due process claims based on the non-disclosure of exculpatory evidence are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal is without prejudice to Plaintiffs filing a new case only in the event their underlying convictions are reversed, vacated, or otherwise invalidated.

   b. Slaton's First Amendment Free Exercise Claim passes statutory screening.

   c. The remainder of the claims asserted in the Amended Complaint are **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court is **DIRECTED** to **TERMINATE** Kelvin Daniels as a Plaintiff and **TERMINATE** all Defendants, with the exception of Steve Bezich and Robert Clark, because Daniels does not have any claims remaining in this case and only Clark and Bezich remain as Defendants.  The only claim that remains in this case is Slaton's Free Exercise claim against Clark and Bezich based on the pat-down search.

4. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendants:

   a. Steve Bezich

   b. Robert Clark

5. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Slaton together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph four (4) of this Order.[1]  The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

6. To proceed with service, Slaton must complete a USM-285 Form for each Defendant listed in paragraph four (4) and return the completed forms to the Clerk's Office within **twenty-one (21) days** of the date of this Order.  Service cannot be made by the U.S. Marshal Service until Slaton completes and returns these forms.

---

[1] This form is available online at https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

7. In completing the USM-285 Forms, Slaton is instructed as follows:

   a. Slaton should complete a separate USM-285 Form for each Defendant listed in paragraph four (4) of this Order.  Only one Defendant's name should appear on each USM-285 Form.

   b. Slaton shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph four (4) of this Order, including but not limited to any Defendant who already has been dismissed from this case.

   c. Slaton should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

   d. Slaton must provide each Defendant's complete address at a location where that Defendant can be served.  The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address.  It is Slaton's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants.  *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

    e. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Slaton's claims against any such Defendant.

8. Slaton is cautioned that failure to return the completed USM-285 Forms in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

9. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Slaton returns in this case.

10. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*

**JOSEPH F. LEESON, JR.**
**United States District Judge**