UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANEE SLATON, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 23-cv-3867 |
| : | |
| STEVE BEZICH, *et al.*, : | |
|     Defendants. : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                                                        **July 24, 2025**
**United States District Judge**

       *Pro se* Plaintiff Danee Slaton, an inmate confined at SCI Cambridge Springs, initially filed this action together with her husband, who is also an inmate, pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*. All of Slaton's and Daniels' claims have been dismissed except for Slaton's First Amendment free exercise claim asserted against United States Marshals Stephen Bezich and Robert Clark. Defendants filed a Motion to Dismiss, to which Slaton has not responded. For the reasons set forth below, this matter will be dismissed with prejudice for failure to prosecute.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

       In the initial Complaint, Slaton and Daniels named fifty-six (56) Defendants. *See Daniels v. Harper*, No. 23-3867, 2024 WL 580874, at *1 (E.D. Pa. Feb. 13, 2024). By Memorandum and Order dated February 4, 2024, the Court granted Daniels and Slaton leave to proceed *in forma pauperis*, and dismissed all claims asserted in the Complaint. The § 1983 claims, which were based on the removal of their children, were dismissed as barred by the

---

[1]     The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

statute of limitations. *Id*. at *4. Plaintiffs' false arrest claims were also dismissed as time barred. *Id*. at 5. The Court also dismissed claims asserted against DHS investigators based on witness immunity and Slaton's *Bivens* claims because she did not tie her allegations of mistreatment to any named Defendant. *Id*. at *3 n.4. Finally, the Court dismissed Plaintiffs' state law claims for lack of subject matter jurisdiction. *Id*. at *5. The Court permitted Plaintiffs to amend their claims. *Id*. at *6.

Plaintiffs returned with an Amended Complaint, which named sixty-nine (69) Defendants. Am. Compl., ECF No. 21. Plaintiffs in the Amended Complaint alleged certain defects with respect to their criminal and dependency hearings. *Id*. As part of the allegations in the Amended Complaint, Slaton alleged that on February 23, 2024, Bezich and Clark entered their New Jersey apartment with an "invalid" search warrant, "destroyed more than $75,000 of their property," and conducted a pat-down search of Slaton, which was against her Islamic religion. *Id*. at 21-22. By Memorandum and Order dated August 7, 2024, the Court dismissed in part the Amended Complaint. *Daniels v. Harper*, No. 23-3867, 2024 WL 3696472, at *7 (E.D. Pa. Aug. 7, 2024). The Court dismissed Plaintiffs' Sixth Amendment and due process claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).[2] *Daniels*, 2024 WL 3696472, at *3-4. The Court also dismissed claims asserted under a Pennsylvania regulation relating to dependency proceedings, 55 Pa. Code § 3130.62(a), as the regulation did not relate in any way to Plaintiffs' claims. *Id*. at *5. Finally, the Court dismissed Slaton's Fifth Amendment due process claims

---

[2] The Court also explained in a footnote that there were other reasons that Plaintiffs' § 1983 claims failed, including that the Amended Complaint was silent as to the vast majority of the named Defendants' involvement in the events giving rise to Plaintiffs' claims and that many of the named Defendants were not subject to § 1983 liability, either because they were protected by immunity or were private individuals and not state actors. *See Daniels*, 2024 WL 3696472, at *5 n.6.

asserted against Bezich and Clark in connection with alleged property damage, as Slaton had an adequate post-deprivation remedy available to her. *Id*. at *6.

The Court concluded, however, that Slaton alleged a plausible *Bivens* First Amendment free exercise claim against Bezich and Clark in connection with their pat-down search of her during execution of the search warrant. *Id*. at *7. As a result, the Court directed service of the Amended Complaint on Bezich and Clark and dismissed the remainder of the Amended Complaint with prejudice. *Id*. As a result of the dismissal, Daniels was terminated as a Plaintiff in the case. *See* ECF No. 40.

On December 13, 2024, Bezich and Clark filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 52. Defendants argued that there is no *Bivens* remedy available for First Amendment free exercise claims and that even if there was, the claim would be time-barred or otherwise barred by qualified immunity. *Id*. By Order dated December 19, 2025, Slaton was directed to file a response to Defendants' Motion to Dismiss no later than January 20, 2025. ECF No. 25. Despite the Order, Slaton did not file a response. Having not received a Response, by Order dated March 11, 2025, the Court permitted Slaton another twenty-one (21) days to respond to Defendants' Motion to Dismiss. ECF No. 54. The Order also directed Slaton to explain why she had failed to timely respond to the briefing schedule previously Ordered by the Court. *Id*. Slaton was advised that if she failed to timely comply with the March 11 Order, her case could be dismissed without further notice. *Id*. Again, Slaton did not respond to Defendants' Motion. *Id*. Nothing on the docket suggests that Slaton did not receive the December 19, 2025 and March 11, 2025 Orders.[3] To date, Slaton has not responded

---

[3] On April 22, 2025, Slaton mistakenly filed a "Motion to Dismiss any Untimely Filing Pursuant to F.R.C.P 8(a) or 12(b)(6)" in this case when it was intended to be filed in her habeas case, *Slaton v. Overmeyer*, Case No. 24-6930. *See* ECF No. 55. By Order dated April 25, 2025,

3

to the Court's Orders in this case or to the Defendants' Motion to Dismiss. For the reasons set forth below, Slaton's Amended Complaint will be dismissed with prejudice against the two remaining Defendants, Bezich and Clark.

## II.    STANDARD OF REVIEW

Given Slaton's failure to respond to the Court's Orders, the Court will consider whether it is appropriate to dismiss this case for failure to prosecute. Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b). "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *See Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (*per curiam*) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a plaintiff's failure to prosecute must consider several factors as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See, e.g., Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994). However, an analysis under *Poulis* usually is not required when a plaintiff willfully abandons the case or makes adjudication impossible. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis*

---

the Court directed that Slaton's Motion be filed in her habeas case. ECF No. 57. Slaton again mistakenly filed a "Motion to Dismiss Extension of Time" in this case when it was intended for her habeas case. *See* ECF No. 58. The Court will transfer that pleading to her habeas case.

factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

However, in the context of a pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), granting a defendant's motion to dismiss a case where the plaintiff has failed to respond thereto is effectively akin to sanctioning the plaintiff for failing to comply with a local rule or court order, and a "drastic" sanction like dismissal with prejudice requires a *Poulis* analysis.  *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 29-30 (3d Cir. 1991).  A court cannot grant a Rule 12 motion as "unopposed" or "uncontested" without a *Poulis* analysis.  *See, e.g., Washington v. Wenerowicz*, No. 21-2741, 2022 WL 39870, at *2 n.5 (3d Cir. Jan. 5, 2022) (*per curiam*); *Adkins v. Reynolds*, 788 F. App'x 824, 828 (3d Cir. 2019) (*per curiam*); *Wiggins v. MacManiman*, 698 F. App'x 42, 43-44 (3d Cir. 2017) (*per curiam*); *Jones v. Unemployment Comp. Bd. of Rev.*, 381 F. App'x 187, 189 (3d Cir. 2010) (*per curiam*); *Shuey v. Schwab*, 350 F. App'x 630, 632-33 (3d Cir. 2009); *Hernandez v. Palakovich*, 293 F. App'x 890, 895-96 (3d Cir. 2008).  That is so even if, as here, the plaintiff has been ordered to respond and warned that failure to respond could result in dismissal.  *Brzozowski v. Pennsylvania Tpk. Comm'n*, 738 F. App'x 731, 734 (3d Cir. 2018) (*per curiam*).  Thus, the Court will consider the *Poulis* factors to determine whether it is appropriate to dismiss Slaton's remaining claims against Bezich and Clark for failure to prosecute.

### III. DISCUSSION

In *Poulis*, the United States Court of Appeals for the Third Circuit articulated six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or

>the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). When balancing the *Poulis* factors, there is no "magic formula," "no single *Poulis* factor is dispositive," and all six factors need not be satisfied for a court to dismiss a complaint. *See Briscoe v. Klause*, 538 F.3d 252, 263 (3d Cir. 2008). In this case, an assessment of the *Poulis* factors weighs in favor of dismissing this action.

As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Slaton's sole responsibility to prosecute her case and comply with Court orders. *See id.* at 258-59 (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (where litigant was proceeding *pro se*, any failure to comply with orders was attributable to him). Slaton was given two opportunities to file a response to Defendants Bezich and Clark's Motion to Dismiss—the first when the Motion initially was filed and she was directed to respond, the second when, having not responded, Slaton was directed to respond and explain why she failed to respond in compliance with the Court's prior order. *See* ECF Nos. 53, 54. Slaton was expressly informed that if she failed to respond to the Court's Order to file a response, her remaining claims against Slaton and Bezich could be dismissed for failure to prosecute. *See* ECF No. 54. Nonetheless, Slaton failed to respond to the Motion and did not communicate with the Court in any other respect concerning this case. Slaton, as a self-represented litigant, is solely responsible for complying with the Court's orders. This factor, therefore, weighs in favor of dismissal.

The second factor, prejudice to the defendants, is neutral here.  "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984).  Since this case is in its early stage of litigation, there appears to be no prejudice to Defendants at this point.

The third factor, a history of dilatoriness, must be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two times is insufficient." *Briscoe*, 538 F.3d at 261.  However, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874.  On the one hand, this case is in the early stages of litigation.  On the other hand, the litigation cannot proceed beyond its initial stage due to Slaton's repeated failure to comply with the Court's Orders.  The delay is solely attributable to Slaton and nothing in the record provides a reasonable explanation as to why she is unable to comply with the Court's directives.  For example, there is no indication on the docket that Slaton failed to receive the Court's Orders directing her to file her response to the Motion.  Indeed, the docket reflects that Slaton is actively litigating her habeas case but has not responded to Orders in this case.  *See* ECF No. 57; *see also Slaton v. Overmeyer*, No. 24-6930 (E.D. Pa.).  This factor weighs in favor of dismissal.

The fourth factor, whether the plaintiff's conduct was willful or in bad faith, weighs in favor of dismissal.  As noted above, Slaton has been expressly and repeatedly instructed on what she was required to do to prosecute this case, namely respond to the pending Motion to Dismiss, and also has been expressly informed of the consequences of the failure to comply with the Court's Orders.  That Slaton has been actively litigating her habeas matter reveals that she is

7

receiving orders from this Court and is capable of filing documents in her cases.  On this record, Slaton's failure to file a response in this case may fairly be understood as willful.

An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective.  Slaton is incarcerated and proceeding *pro se* without an attorney and *in forma pauperis,* and thus, she is likely unable to pay monetary sanctions.  *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (*per curiam*) ("Because Adonai-Adoni proceeded *pro se* and *in forma pauperis*, monetary sanctions were not a viable form of alternative sanction."); *King v. Galano*, No. 14-1691, 2015 WL 6523459, at *3 (D.N.J. Oct. 28, 2015) ("Plaintiff's history of nonparticipation and noncompliance in this matter suggests that alternative sanctions would be futile.").  The fifth factor thus weighs in favor of dismissal.

Under the sixth *Poulis* factor, the Court must consider if the claims or defenses are meritorious.  *See Poulis*, 747 F.2d at 869-70 ("A claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense.").  As revealed by Defendants in their Motion to Dismiss and confirmed by review of Slaton's state court dockets, Slaton's *Biven*'s claim is likely time-barred.  Her claim accrued when she was arrested by Bezich and Clark on August 19, 2021, and she did not initiate this case until October 2, 2023, which is past the two-year statute of limitations period.[4]  *See Omar v. Blackman*, 590 F. App'x 162, 165 (3d Cir. 2014) ("Therefore, in Pennsylvania, actions brought under . . . *Bivens* are subject to a two-year limitations period.");

---

[4]     In her Amended Complaint, Slaton alleges that the incident with Defendants occurred on February 23, 2024 in New Jersey. ECF No. 21 at 21. However, Slaton's state court criminal docket reveals that she was incarcerated at that time. *See Commonwealth v. Slaton*, CP-51-CR-0008423-2021 (C.P. Phila.).

*see also Commonwealth v. Slaton*, 329 A.3d 651, 2024 WL 4579391, at *1 (Pa. Super. Ct. Oct 25, 2024) (stating that "[o]n August 19, 2021, the U.S. Marshals Service Warrant Unit located and arrested Slaton and Daniels at a hotel in Maple Shade, New Jersey"). However, even if Slaton's claims against Bezich and Clark were not time-barred, the availability of a *Bivens* remedy for a First Amendment free exercise claim is unlikely.[5] *See Mack v. Warden Loretto FCI*, 839 F.3d 286, 305 (3d Cir. 2016) (noting that the Supreme Court has never extended *Bivens* to free exercise of religion and declining to extend *Bivens* to a Muslim inmate's free exercise claim); *see also Fisher v. Hollingsworth*, 115 F.4th 197, 205 (3d Cir. 2024) (observing that after *Egbert v. Boule*, 596 U.S. 482 (2022), "unless a case is indistinguishable from *Bivens*, *Davis*, or *Carlson*, a damages remedy may be created by Congress, but not by the courts"). Accordingly, this factor also weighs in favor of dismissal.

In sum, upon balancing the *Poulis* factors, the Court finds that they weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) due to Slaton's failure to prosecute.

---

[5] *Bivens* provides a judicially recognized damages remedy for constitutional violations committed by federal actors in highly limited circumstances. *Egbert v. Boule*, 596 U.S. 482, 486 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 130-31 (2017). Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok*, 868 F.3d at 200; *see Egbert*, 596 U.S. at 501. The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself, which recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022); *see also Abbasi*, 582 U.S. at 131 ("These three cases - *Bivens*, *Davis*, and *Carlson* - represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself.").

9

## IV.     CONCLUSION

For the foregoing reasons, the Court finds that the *Poulis* factors weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Slaton's failure to prosecute.  An appropriate order will be filed separately, dismissing the case.


**BY THE COURT:**


*/s/ Joseph F. Leeson, Jr.*              
**JOSEPH F. LEESON, JR.**
**United States District Judge**